IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 7:22-931 |
| | ) | |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 982(b)(1) |
| vs. | ) | 21 U.S.C. § 853(p) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | 29 U.S.C. § 206 |
| | ) | 29 U.S.C. § 215(a)(2) |
| | ) | 29 U.S.C. § 216 |
| | ) | |
| **CHADRICK ROBINSON** | ) | **INDICTMENT** |

## INTRODUCTION

At all times material to this indictment:

1. CHADRICK ROBINSON was the owner and chief executive of Happy Home Care LLC.

2. Happy Home Care LLC provided home health services in South Carolina and employed in excess of fifty employees.

3. Happy Home Care LLC contracted with Medicaid and received federal funds from Medicaid upon submission of hours worked by its employees.

1

## COUNT 1

THE GRAND JURY CHARGES:

4. Paragraphs 1 through 3 of the Indictment are re-alleged as if fully incorporated in these Counts.

5. That beginning at a date unknown to the Grand Jury, but from December 2021, up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendant, CHADRICK ROBINSON, knowingly and willfully did devise a scheme and artifice to defraud Happy Home Care LLC employees and to obtain money and for the purpose of executing such scheme and artifice, did use wire communications in and affecting interstate commerce; in violation of Title 18, United States Code Section 1343.

### Manner and Means

6. It was part of the scheme that CHADRICK ROBINSON would unjustly enrich himself by collecting federal funds from Medicaid following the submission of hours worked by Happy Home Care LLC's employees.

7. It was part of the scheme that CHADRICK ROBINSON would not pay Happy Home Care LLC employees despite receiving federal funds from Medicaid and other private paying customers for such work performed by the Happy Home Care LLC employees.

8. It was part of the scheme that CHADRICK ROBINSON would transfer funds intended for employees of Happy Home Care LLC to confederates in Africa.

## Overt Acts

9. On or about the dates set forth below in the District of South Carolina and elsewhere, Defendant, CHADRICK ROBINSON, for the purpose of executing the scheme described above caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate act:

| DATE | DESCRIPTION |
|---|---|
| December 16, 2021 | Fraudulent text message stating that there was temporary delay in payroll |
| December 21, 2021 | Fraudulent text message stating that the employee will get paid |
| December 22, 2021 | Fraudulent text message stating that employee will get paid |
| December 24, 2021 | Fraudulent text message stating that "everyone's wages will be paid in cash today!" |
| December 26, 2021 | Text message requesting Happy Home Care LLC employees to work |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 2-6

THE GRAND JURY FURTHER CHARGES:

Between December 2021 and February 2022, in the District of South Carolina, the Defendant, CHADRICK ROBINSON, did willfully fail to pay employees, known to the Grand Jury as set forth below, engaged in commerce and employed in an enterprise engaged in commerce, the applicable minimum wage in violation of Title 29, United States Code, Sections 206 and 215(a)(2);

| COUNT | EMPLOYEE |
|---|---|
| 2 | Employee Victim 1 |
| 3 | Employee Victim 2 |
| 4 | Employee Victim 3 |
| 5 | Employee Victim 4 |
| 6 | Employee Victim 5 |

All in violation of Title 29, United States Code, Section 216.

## FORFEITURE

WIRE FRAUD:

Upon conviction to violate Title 18, United States Code, Section 1343 (wire fraud), as charged in this Indictment, the Defendant, CHADRICK ROBINSON, shall forfeit to the United States, any property, real and personal, which constitutes, is derived from, or is traceable to proceeds the Defendant obtained, directly or indirectly, as the result of such violations.

PROPERTY:

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

### Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, that is, a minimum of $89,274.00 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to his violations of 18 U.S.C. § 1343.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant-

    A. Cannot be located upon the exercise of due diligence;
    B. Has been transferred or sold to, or deposited with, a third person;
    C. Has been placed beyond the jurisdiction of the court;
    D. Has been substantially diminished in value; or
    E. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A **True** Bill

REDACTED
FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: *[signature]*
Carrie Fisher Sherard (Fed. ID #10134)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29605
Tel.:  864-282-2100
Fax:  864-233-3158
Email: carrie.a.fisher@usdoj.gov